IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| PAUL PHOTIADIS BOCCONE, )<br><br>          Petitioner, )<br>v.                       )<br><br>UNITED STATES OF AMERICA, )<br><br>          Respondent. ) | Criminal No. 1:11-cr-592<br>Civil No. 1:15-cv-887 |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Petitioner Paul Photiadis Boccone's, ("Petitioner" or "Boccone") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

In late 2011, a jury found Petitioner guilty of the following counts: 1) Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846 (Count 1); 2) Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) (Counts 2-9); 3) Firearm in Relation to Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 10); 4) Healthcare Fraud in violation of 18 U.S.C. § 1347 (Counts 11-16); and 5) Failure to Pay Employment Taxes in violation of 26 U.S.C. § 7202 (Counts 17-28). The Petitioner was found guilty on Count 1, Counts 2 through 5, 7, and 9, Count 14, and Counts 17 through 28. Boccone was found not guilty on the remaining counts and was sentenced to a total of 180 months

imprisonment. Boccone subsequently appealed to the United States Court of Appeals for the Fourth Circuit which affirmed his conviction on February 20, 2014.

Petitioner was the owner and president of Chantilly Specialists, a pain clinic located in Chantilly, Virginia. Petitioner used this business to perpetrate a drug distribution conspiracy whereby he would illegally prescribe controlled substances to patients, fraudulently bill Medicare, and fail to pay employment taxes. At all relevant times, Petitioner was represented by attorney John O. Iweanoge II, who submitted a sworn declaration in response to Petitioner's ineffective assistance of counsel claim.

Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 7, 2015 stating two grounds for relief: (1) ineffective assistance of counsel; and (2) denial of due process at trial.

Under 28 U.S.C. § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving

2

grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

"The proper standard for judging attorney performance is that of reasonably effective assistance." Strickland v. Washington, 466 U.S. 668, 687 (1984). Claims of ineffective assistance are evaluated using a two-part test: first, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness; second, a petitioner must show that "the deficient performance prejudiced the defense." Id. at 687-88. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700.

Objective reasonableness is "simply reasonableness under prevailing professional norms" regarding the representation. Id. at 688. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 689-90; see, e.g., United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir. 1997). Review of counsel's performance must be comprehensive and not narrowly limited to counsel's failings in determining whether the presumption of adequate assistance has been overcome, Strickland, 466 U.S. at 691, and courts should be

3

reluctant to second guess the tactics of trial lawyers. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1997).

To satisfy the second prong of the Strickland test, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 669. A defendant must affirmatively prove prejudice that is "so serious as to deprive the defendant of a fair trial." Id. at 687. Because "[t]he defendant bears the burden of proving Strickland prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Strickland, 466 U.S. at 697)).

Petitioner specifies eleven areas of ineffective assistance of counsel. Petitioner claims counsel failed to: 1) obtain a medical expert witness; 2) utilize an opposition expert to the government's medical expert; 3) introduce third-party medical standards; 4) present a withdrawal defense; 5) present a tax expert; 6) raise a statute of limitations defense as to the tax charges; 7) use an expert witness to opine on the medical

treatment of Diane Gisin[1]; 8) provide effective assistance when he offered a corrective statement during closing argument; 9) terminate representation giving rise to a conflict of interest following the corrective statement; 10) timely object to the pre-sentencing report; and 11) provide effective assistance due to the cumulative effect of counsel's prior deficiencies.

Boccone claims that his counsel failed to obtain and utilize a medical expert that could have testified that the prescriptions given to the patients were written for legitimate medical purposes. When considering the strategic decision of whether to call certain witnesses, the Fourth Circuit has explained that "[a]bsent a showing that the tactical decision of counsel was so unreasonable in light of the need for the testimony that it amounted to a deprivation of an attorney who acted within 'the range of competence demanded of attorneys in criminal cases,' we are reluctant to second guess the tactics of trial lawyers." Goodson, 564 F.2d at 1072 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970) and citing United States v. Burkley, 511 F.2d 47, 50 (4th Cir. 1975)). Further, "[t]he decision whether to call a defense witness is a strategic decision" demanding the assessment and balancing of perceived benefits against perceived risks, and one to which [the court]

---

1 Diane Gisin was one of the several patients whose treatment was fraudulently billed to Medicare.

must afford . . . enormous deference." Terry, 366 F.3d at 316-18 (finding that counsel's decision not to call witnesses was not constitutionally deficient). This discretion also applies to expert witnesses, as the court in Kandies v. Polk, stated "that defense counsel must be afforded the discretion to determine whether the retention of an expert will serve the interests of his or her client and, if so, what type of expert would best do so." 385 F.3d 457, 469 (4th Cir. 2004), (overruled on other grounds).

Here, counsel's decision not to use a medical expert was within the range of competence demanded of criminal attorneys. The Court finds that counsel made a strategic decision that did not prejudice the Petitioner. This Court agrees with the Fourth's Circuit's analysis that any expert testimony concerning the purported legitimate medical purpose of any prescription narcotics was irrelevant to Petitioner's conviction on the charges for distribution of controlled substances because Petitioner was never a licensed medical provider.

Boccone claims that his counsel failed to obtain and utilize an opposition expert witness that could have established that the government's medical expert's opinion was inadmissible under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Counsel stated in his declaration that Dr. Currier and Dr. Match, both supervising

6

doctors at Chantilly Specialists, could provide the best testimony to oppose the opinions offered by the government's medical expert. This amounts to a strategic decision in which the Petitioner was not prejudiced, and as the above analysis shows, does not constitute ineffective assistance of counsel. Moreover, this Court finds that the government's medical expert, Dr. Hamill-Ruth's qualifications and testimony were scientifically valid and helpful to the jury – meeting the standards set forth by Rule 702 and <u>Daubert</u>.

Boccone claims that his counsel failed to introduce into evidence the Standards for Independent Medical Examinations (published by the American Medical Association), and the Model Policy for the Use of Controlled Substances for the Treatment of Pain (adopted by the Virginia Medical Board). In line with previous analysis, counsel stated that Dr. Currier and Dr. Match were in the best position to testify to the standards of care used at Chantilly Specialists because they were actually responsible for supervising the medical care at the facility. This again amounts to a strategic decision of counsel that does not rise to the level of ineffective assistance of counsel. The literature referenced does not negate the fact that the government had overwhelming evidence against the Petitioner, an unlicensed medical provider, showing that he illegally

prescribed controlled substances. Introduction of the literature did not prejudice the Petitioner.

Boccone claims that his counsel failed to present a withdrawal defense for the conspiracy charge – in that counsel should have presented evidence showing that Boccone took affirmative steps to withdraw from any conspiracy, assuming one in fact did exist. Smith v. United States held that "[f]ar from contradicting an element of a conspiracy offense, withdrawal presupposes that the defendant committed the offense." 133 S. Ct. 714, 719 (2013). If counsel had presented a withdrawal defense, it would have conflicted with the defense's overall theory of the case – that Petitioner never committed a crime and never participated in any conspiracy. Counsel decided that a withdrawal defense would have potentially confused the jury, or been interpreted as an admission of guilt. See Williams v. Kelly, 816 F.2d 939, 950 (4th Cir. 1987) ("counsel is not effective merely because he overlooks one strategy while diligently pursuing another."). Counsel's conduct was that of strategy and did not prejudice the Petitioner.

Boccone claims his counsel failed to obtain and utilize a tax expert to show that there was not adequate money to pay overdue amounts, and to show that the failure to pay was not willful. Petitioner admitted at trial that he had failed to pay-over the taxes owed, but disputed the "willful" element of the

statute. The "willful" issue is not one that requires an expert opinion. An expert witness can only provide testimony concerning a scientific, technical or specialized matter. See Persinger v. Norfolk & Western Ry. Co., 920 F.2d 1185, 1188 (4th Cir. 1990) (FRE 702 excludes expert testimony on matters within the common knowledge of jurors."); see also Fed. R. E. 702. Thus, counsel's conduct was neither unreasonable nor prejudicial.

Boccone claims that his counsel failed to raise a statute of limitations defense with regard to the tax charges. This assertion is simply false. Petitioner's counsel raised the statute of limitations defense with regards to the tax charges in his Rule 29 Motion, which the court denied. Further, 26 U.S.C. § 6531(4) sets a six year statute of limitations when the offense involves the willful failure to pay a tax or make any return. Other circuits have interpreted the language in 26 U.S.C. § 7202 for failure to pay "any tax" to be subject to the six year statute of limitations under § 6531(4). See United States v. Evangelista, 122 F.3d 112, 199 (2nd Cir. 1997); United States v. Gollapudi, 130 F.3d 66, 68-71 (3rd Cir. 1997); United States v. Gilbert, 266 F.3d 1180, 1186 (9th Cir. 2001); United States v. Porth, 426 F.2d 519, 521-22 (10th Cir. 1970). This Court finds that the six year statute of limitations applied, and that the Petitioner suffered no prejudice as a result of counsel's reasonable conduct.

9

Boccone claims his counsel failed to obtain and utilize an expert witness to opine on the medical treatment of Diane Gisin as to the Medicare fraud charges. Specifically, Petitioner argues that an expert could have testified that medical records at issue showed Gisin was seen by Physician Assistant Joe Frazier, as opposed to the Petitioner. Petitioner's argument is without merit because he was charged for falsely billing the government for services that were not rendered by a licensed and enrolled Medicare provider. The issue presented to the jury was whether Gisin was seen by Petitioner alone, and whether Petitioner used another provider's ID to bill Medicare. The issue was a matter of witness credibility and did not require scientific, technical, or specialized knowledge. See Fed. R. E. 702. Thus, an expert witness was not appropriate, counsel did not err in his conduct, and the Petitioner suffered no prejudice.

Boccone claims that his counsel improperly offered a corrective statement during closing argument clarifying that Petitioner provided a handwriting sample to the government pursuant to a grand jury subpoena. Petitioner claims the statement was untrue and in direct conflict with all evidence at trial. The Fourth Circuit disagreed and found that the statement was consistent with the evidence. Because this issue was raised and decided on direct appeal, it cannot be reconsidered again

10

under § 2255. See United States v. Molen, 43 F.3d 1469 (4th Cir.
1994); see also Foundren v. United States, 63 F. Supp. 3d 601,
606 (E.D. Va. 2014) ("Petitioners are typically barred from . .
. re-litigating claims the merits of which were raised and
decided on direct appeal."). Counsel's conduct was not
unreasonable and Petitioner did not suffer prejudice.

Boccone claims that his counsel failed to terminate
representation after the prosecutor pointed out at sidebar that
trial counsel had incorrectly represented that Petitioner
appeared voluntarily to provide a handwriting sample when he in
fact did so in response to a grand jury subpoena. Counsel was
within reason to make the corrective statement before the
government had the chance to do so. In order to show ineffective
assistance involving a conflict of interest, Petitioner must
show that an actual conflict arose and that it adversely
affected counsel's performance. See United States v. Swartz, 975
F.3d 1042, 1047-48 (4th Cir. 1992). There are no facts to
support Petitioner's argument that a conflict arose. Counsel's
conduct was reasonable and it did not prejudice the Petitioner.

Boccone claims that his counsel failed to timely object to
the pre-sentence report (PSR), specifically to the drug quantity
calculation, obstruction enhancement, leadership role
enhancement, and the statutory maximum of 360 months. This
assertion is simply false. On November 7, 2011, prior to the

11

sentencing hearing, counsel filed a 15 page brief objecting to the various sentencing factors in the PSR mentioned by the Petitioner. Counsel then reiterated these arguments at the sentencing hearing. Further, this issue was raised and decided on direct appeal to the Fourth Circuit in favor of the government. Petitioner fails to show unreasonableness or prejudice as it relates to the PSR.

Boccone claims the cumulative effect of his counsel's deficient performance constituted ineffective assistance of counsel. This argument fails as a matter of law because the Fourth Circuit does not recognize the cumulative effect of counsel's errors in determining ineffective assistance of counsel claims. See Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1988) (rejecting petitioner's argument that the cumulative effect of counsel's errors deprived petitioner of a fair trial when no individual error was found to prejudice the petitioner). Each alleged error must meet both prongs of Strickland to constitute ineffective assistance of counsel, and as discussed above, none of Petitioner's individual arguments meet either prong.

Petitioner states as a second ground for vacating his conviction that conduct by the government's counsel denied him the right to due process at trial. Petitioner argues that the government orchestrated a fraud on the court by falsely accusing

12

trial counsel of making a false statement during closing, and
then using the conflicting testimony as a basis to accuse the
Petitioner of lying. Setting aside the fact that this issue was
raised on direct appeal and is not reviewable under the present
§ 2255 motion, Petitioner's arguments fails to show a denial of
due process. The remarks by government counsel were consistent
with the evidence and any harm that may have resulted was
harmless because the evidence of guilt was overwhelming.

Further, Boccone is not entitled to an evidentiary hearing.
An evidentiary hearing is necessary when it is unclear "from the
pleadings and the files and records that the prisoner is
entitled to no relief. . ." Raines v. United States, 423 F.2d
526, 529 (4th Cir. 1970). "In order to obtain an evidentiary
hearing . . . a habeas petitioner must come forward with some
evidence that the claim might have merit." Nickerson v. Lee, 971
F.2d 1125, 1136 (4th Cir. 1992) *overruled on other grounds by*
Gray v. Netherland 518 U.S. 152, 165-66 (1996). An evidentiary
hearing is not required because the record before the court is
adequate to dispose of the allegations. Muller v. Angelone, 181,
F.3d 557, 586-87 (4th Cir. 1999). For the reasons discussed
above, this Court finds Petitioner's claims are without merit
and entitle him to neither § 2255 relief nor an evidentiary
hearing. Therefore, Petitioner's motion should be denied.

An appropriate order shall issue.

13

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October ~~November~~ 2 , 2015